UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Paulo Roberto Andrade,
       Petitioner

v.                                    Case No. 26-cv-624-SM-TSM

Christopher Brackett, Superintendent
of the Strafford County Department
of Corrections, et al.,
       Respondents


**O R D E R**


Paulo Roberto Andrade is a civil immigration detainee from Brazil.  He brings this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On August 3, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or his similarity to

the petitioner in <u>Destino v. FCI Berlin, Warden</u>, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The federal respondents filed their response to the order to show cause on August 10, 2026, in which they state that petitioner was lawfully admitted into the United States on a B-2 visa on June 17, 2023, and authorized to remain in the U.S. until December 16, 2023.  He failed to depart on that date and was detained by ICE on July 21, 2026.  Because petitioner overstayed his visa, he is being detained pursuant to 8 U.S.C. § 1226(a).  The federal respondents acknowledge that he is entitled to a bond hearing under that statute.

### Conclusion

The respondents are ordered to provide petitioner with a constitutionally adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.  <u>See generally</u> <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the

2

petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 13, 2026

cc:  Counsel of Record

3